JAMES A. SAVILLE, JR.
JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HDI GLOBAL SE,<br><br>      Plaintiff,<br><br>- against -<br><br>MAERSK LINE A/S,<br><br>      Defendant. | Civil Action No. 17-cv-6450<br><br>**COMPLAINT** |

Plaintiff HDI Global SE ("HDI"), as subrogee of Theodor Wille Intertrade GmbH ("TWI"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendant Maersk Line A/S ("Maersk"), alleges upon information and belief as follows:

1. This action arises from damage to a shipment of 1965 packages of ice cream and other foodstuffs (the "Cargo") transported in part by ocean carriage from the United States to Germany in August 2016.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

1

3.      The U.S. District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clause contained in the operative bill of lading or sea waybill, terms and conditions of service, and/or the contract of carriage for the shipment at issue.

4.      Defendant Maersk is also subject to the personal jurisdiction of this Honorable Court by virtue of conducting business within and through this District, the Port of New York, and the State of New York.

5.      At all times relevant hereto, Plaintiff HDI was and now is a business entity organized and existing under foreign law with an office and place of business at HDI-Platz 1, Hannover 30659, Germany.

6.      At all times relevant hereto, Defendant Maersk was and now is a business entity organized and existing under foreign law, with an office and place of business at 180 Park Avenue, Suite 105, Florham Park, NJ 07932, engaged in business as a common carrier of goods for hire, and issuing bills of lading and/or waybills for the common carriage of goods aboard certain ocean-going vessels.

7.      In or about August 2016, the Cargo was tendered to Maersk in good order and condition and suitable in every respect for the intended transportation, which Maersk received, accepted, and agreed to transport in part by ocean carriage in refrigerated shipping container no. MWCU5229232 (the "Container") for certain consideration from Brockport, NY to Frankfurt, Germany (by way of the Ports of Newark and Bremerhaven).

8.     Prior to departure, Maersk was instructed to maintain a carrying temperature of negative 23.3° Celsius within the Container for the duration of the voyage and handling of the Cargo.

9.     Maersk agreed to maintain that carrying temperature and issued a multimodal waybill (no. US0381118) for the shipment at issue, which identified the Container by number and stated on its face: "Temperature: -23.3 C."

10.    However, the Cargo was physically damaged and impaired in value by a temperature deviation sustained over several days during transit, as shown by the recorded data taken from the temperature monitor placed in the Container.

11.    By reason of the premises, Defendant Maersk failed to deliver the Cargo in the same good order and condition as it was received; was negligent and careless in its handling of the Cargo; breached its statutory, contractual, and common-law duties and obligations as a common carrier, and/or bailees of the Cargo; and was otherwise at fault.

12.    TWI was the consignee and/or owner of the Cargo, as well as the insured under a certain insurance policy issued to TWI by HDI as insurer.  Pursuant to a claim made under said policy then in force and effect, and prior to the commencement of this action, HDI reimbursed TWI for the cargo loss and damage at issue, and thereby became subrogated to all of TWI's rights, remedies, and causes of action as a result thereof with respect to the Cargo, including those asserted against Defendant Maersk herein.

13. HDI bring this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and HDI is entitled to maintain this action.

14. HDI and its subrogor have duly performed all duties, obligations, and conditions precedent to be performed on their part.

15. By reason of the premises, HDI has sustained damages as nearly as same can now be estimated, no part of which has been paid, though duly demanded, in the amount of $94,502.34.

**WHEREFORE**, Plaintiff HDI prays: (1) that process in due form of law according to the practice of this Court may issue against Defendant Maersk, citing it to appear and answer the foregoing; (2) that a decree may be entered in the favor of HDI against Maersk in the amount of $94,502.34, together with costs, interest, and reasonable attorneys' fees; and (3) for such further and other relief as this Court may deem just and proper.

Dated: New York, New York
      August 24, 2017

HILL RIVKINS LLP, *Attorneys for Plaintiff HDI Global SE*

By: _____

James A. Saville, Jr.
Justin M. Heilig
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0698

4